PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:25-CR-33 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEANGELO O. SMITH, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 41] |

Pending before the Court is Defendant Deangelo O. Smith's Motion to Seal the Court's Sentencing Memorandum of Opinion and Order (ECF No. 32).  ECF No. 41.  The Motion is fully briefed.  Gov't Response Br., ECF No. 42; Def. Reply Br., ECF No. 44.  Being duly advised, having reviewed the parties' briefs and applicable law, the Court denies the motion.

## I.    LAW

Procedurally, under Local Rule of Criminal Procedure 49.4, "[i]f no statute, rule, or prior order authorizes filing under seal, the document will not be filed under seal."  Substantively, "[t]he First Amendment protects the [public's] constitutional right to access criminal trials." *United States v. DeJournett*, 817 F.3d 479, 484 (6th Cir. 2016) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)).  The right to access court proceedings attaches when: (1) the place and process has "historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Id*. (citing *Press-Enterprise Co. v. Superior Court (Press-Enterprise II)*, 478 U.S. 1, 8 (1986)).  To overcome the public's First Amendment right to access, a party seeking to seal a court record must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (citing *Press-*

(1:25CR33)

*Enterprise Co. v. Superior Court (Press-Enterprise I)*, 464 U.S. 501, 510 (1984)); *see Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (holding that a movant seeking to seal a court record must show that: (1) there is a compelling interest in sealing; (2) that interest outweighs the public right of access; and (3) the proposed seal is narrowly tailored.); *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016) (same).  A movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

## II.    DISCUSSION

Defendant argues that the written descriptions and photographic depictions of the deadly assault he perpetrated against another detainee on August 31, 2025, pose a privacy and security risk to himself and a security risk at Northeast Ohio Correctional Center ("NEOCC").  ECF No. 41 at PageID ##: 416–17.  He first argues that other detainees and incarcerated individuals within the Bureau of Prisons' ("BOP") custody can access these descriptions and depictions, putting Defendant "at risk."  Next, Defendant claims that the images of A-6 General Housing Unit pose a security threat at NEOCC because it depicts the structure within the prison.  Neither argument is persuasive.

The Sixth Circuit requires that "the proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury.'"  *Grae v. Corrections Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (citing *Shane Grp.*, 825 F.3d at 307); *see, e.g., In re Search of Fair Finance*, 692 F.3d 424, 432 (6th Cir. 2012) (holding the unsealing search warrants could harm the criminal investigation process.); *In re Morning Song Bird Food Litigation*, 831 F.3d 765, 777 (6th Cir. 2016) (holding that public access to presentencing reports could disincentivize defendants from raising objections, therefore "undermin[ing] the goal of gathering accurate and

2

(1:25CR33)

complete information to aid the sentencing court.").  Certainly, Defendant's safety from violence while in BOP custody and NEOCC security issues are important, but Defendant only vaguely references such risks.  He does not, for instance, claim he has received—or anticipates receiving—specific threats of violence because of the Court's sentencing memorandum or his participation in the August 31st assault.  He merely claims a possibility that he could be subject to violence.  Similarly, Defendant has not articulated any specific security concerns while in custody that result from the video recordings of the A-6 housing unit.  The Government also made no reference to any facility safety concerns, but performed slightly better when, in its motion to file its sentencing memorandum under seal, cited to an "open and pending homicide investigation" and "graphic images" as justification for sealing.  ECF No. 19.  Then the Court permitted the sealing (in part) *pre-sentencing*, with the admonition that it would "sentence publicly and may expose that which the Government deems sensitive." ECF No. 21. Defendant's vague references to possible violence or security risks are insufficient to justify closure.

Even if Defendant had articulated a "clearly defined and serious injury," he failed to demonstrate such concerns outweigh the public's right to access the Court's reasoning for its decision. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019); *but cf. United States v. Kincaide*, 119 F.4th 1074, 1082 (6th Cir. 2024) ("Public access to cooperation agreements endangers government cooperators, and may also frustrate government investigations.").  Defendant relies on several cases, none of which support his position.  ECF No. 44 at PageID #: 425.  The records sought to be sealed in those cases contained confidential medical records, contact information, and personal and confidential information.  In *United States v. Wade*, for instance, the defendant sought to seal four exhibits attached to the court's sentencing order: (a) a sealed order from another court; (b) a confidential probation violation

3

(1:25CR33)

recommendation report; (c) a transcript from a guardianship hearing concerning a minor; and (d) a court report concerning a minor child. No. 20-20255, 2026 WL 36686, at *1 (E.D. Mich. Jan. 6, 2026). The *Wade* court granted the motion finding "no basis to disturb the sealing of a court order by another court," that probation violation reports are presumed confidential, and that the remaining two exhibits concerned sensitive private information about a minor child. *Id*.

That is not this case. The Court's sentencing memorandum does not reference any medical records, personal and confidential information, or information concerning minor children. *See* ECF No. 32. While Defendant may have a privacy interest in his criminal history, *Wade*, 2026 WL 36686, at *1 (citing *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 767 (1989)), Defendant is not merely seeking to seal a probation violation recommendation report. Rather, he seeks to seal information directly related to offense conduct that the Court assessed when it imposed sentence. *See Rudd Equip. Co.*, 834 F.3d at 593 (citing *Shane Grp.*, 825 F.3d at 305) ("The public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case,' and in both circumstances, 'the public is entitled to assess for itself the merits of judicial decisions.'"). Defendant has not demonstrated any compelling interests exist that outweigh the public's right to access the Court's reasons for imposing the sentence that it did. Therefore, the Court cannot find that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *DeJournett*, 801 F.3d at 484 (citing *Press-Enterprise I*, 464 U.S. at 510).

Finally, Defendant suggests that the Court seal only the photographs and written description of his conduct on August 31, 2025. *See* ECF No. 44 at PageID #: 426–27. That argument fails for the same reasons articulated above.

Additionally, as is expected, the Court publicly sentenced Defendant. "Oral sentencing recognizes that because criminal punishment affects the most fundamental human rights,

4

(1:25CR33)

sentencing should be conducted with the judge and defendant facing one another and not in secret." *United States v. Hayden*, 102 F.4th 368, 371 (6th Cir. 2024) (citation modified).  For this reason, the sentence that a district court announces "from the bench in the defendant's presence *is* the sentence." *United States v. Shaw*, 139 F.4th 548, 552 (6th Cir. 2025) (citation modified); *United States v. Black*, No. 24-3185, 2025 WL 3244516, at *1 (6th Cir. Nov. 20, 2025) (same). In keeping with the expectation and tradition of publicly imposing sentence, during the sentencing hearing, the Court showed the same graphic images and made statements very similar to those Defendant now finds objectionable.  Even if Defendant's motion had merit, he has brought his complaints too late.  He has given the Court no reason to seal that which has already and appropriately been made public.  *See* ECF No. 21 (giving advance notice that the Court would sentence publicly and that believed to be sensitive could be disclosed).  Accordingly, Defendant's motion is denied.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Seal the Court's Sentencing Memorandum of Opinion and Order (ECF No. 41) is denied.

IT IS SO ORDERED.


 April 10, 2026                                                          */s/ Benita Y. Pearson*
  Date                                                                    Benita Y. Pearson
                                                                          United States District Judge